## EAKES v. JONES.—229 S. W. (2d) 153.

Middle Section.   February 24, 1950.

Petition for Certiorari denied by Supreme Court, May 5, 1950.

Cecil D. Branstetter, and Watkins & Crownover, of Nashville, for plaintiff in error.

Goodpasture, Carpenter & Dale, of Nashville, for defendant in error.

HOWELL, J. This is a damage suit growing out of an accident at the corner of Seventh Avenue North and Church Street in Nashville in which the plaintiff was struck by an automobile driven by the defendant. The plaintiff was a pedestrian and was crossing Church Street from the southeast corner of Church and Seventh Avenue North to the northeast corner on which the building occupied by Caster-Knott Drygoods Company is located. The defendant was proceeding south on Seventh Avenue North and made a left turn into Church Street headed eastwardly. The traffic lights were not in operation and traffic was being controlled and directed by a traffic officer of the city who was standing near the center of the intersection of the two streets. The officer at the time of the accident was directing traffic to move north and south and directed the defendant to pass in front of him and make the left turn going east on Church Street. The plaintiff was struck by defendant's car while crossing Church Street with traffic directed to move north and south.

The first count of the declaration alleged common-law negligence and the second count alleged a violation by the defendant of city ordinances.

The plea was not guilty.

Upon the hearing the Circuit Judge granted a motion made by the defendant at the close of the plaintiff's proof and directed the jury to return a verdict for the defendant.

The plaintiff has properly perfected an appeal in error to this Court and has assigned the action of the trial Judge in granting this motion as error.

■ The only question before this court is whether or not there is any evidence in the record upon which the case should have been submitted to the jury. The law is well settled that if there is any material, substantial evidence to support the allegations of the declaration the case should be submitted to the jury.

It was stipulated that the city ordinances involved are as set out in the declaration. Section 82 and 83 of Chapter 35 of the City Code of Nashville are as follows:

Sec. 82. ''Pedestrians' rights and duties at controlled intersections.

''On streets where traffic at intersections is controlled by official traffic control signals or by police officers, pedestrians shall not cross a roadway against a red signal or other signals directing pedestrian movement or against the direction of an officer, and shall not cross at any place except in a marked crosswalk or intersection in a business district. A pedestrian crossing or starting across in any such crosswalk on a green signal shall have the right of way over all vehicles, including those making turns, until such pedestrian has reached the opposite curb or safety zone, and it shall be unlawful for the operator of any vehicle to fail to yield the right of way to any such pedestrian.''

Sec. 83. ''Pedestrians' right of way at crosswalk.

''Where traffic control signals are not in place or in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at intersection, except as otherwise provided in this article. (45-252).''

These two sections require the driver of an automobile to yield the right of way to a pedestrian under the conditions set out. The question in this case is whether or not there is any material evidence that the plaintiff was in the marked crosswalk at the time she was struck. If she was the defendant should have yielded the right of way to her.

Plaintiff testified in this regard as follows:

"Q. You crossed over from Candyland? A. Yes sir; people were crossing with the signal blue for me to cross and I crossed over. I was in the crosswalk and I was crossing over to Caster Knott's.

"Q. Now, you came from the Candyland corner here, which is on the southeast corner of the intersection? A. That is right.

"Q. And then when the signal changed— A. I started walking in the crosswalk over to Caster's.

"Q. You started north across Church Street? A. And before I got across I saw this lady coming around.

"The Court: Wait a minute. Answer the question. He will ask you everything that he deems essential and necessary. A. All right.

"My Mr. Crownover: Q. Now, when the signal was changed—was there a traffic signal here or was there a traffic officer? A. There was a traffic officer.

"Q. And he gave a physical signal for you to move? A. He did.

"Q. Now, was there anybody else there at this time or were you alone when you started to make that crossing? A. Yes sir, there were people standing there on the corner.

"Q. All right, when the traffic signal was given by the officer, you started north across Church Street? A. I did.

"Q. Now, tell in your own words what happened? A. Well, I started across and I believe I was about two-thirds across when there was a car came around the corner from down Seventh and turned and struck me from the front."

Again on cross-examination the plaintiff testified:

"Q. And so the crosswalk that you refer to—I will make a dotted line here running through some of Mr. Crownover's figures—was right here at the corner running from Candyland to the corner at Caster Knott's? A. I was walking this crosswalk.

.    .    .    .    .    .

"Q. How far across the street had you gotten when you were hit? A. About two-thirds, almost across."

There was other evidence by witnesses for the plaintiff that may be construed to indicate that plaintiff was not in the crosswalk when she was struck.

▮ However, we are of the opinion that on the evidence of the plaintiff quoted above the question as to whether or not the plaintiff was in the crosswalk at the time she was struck and therefore entitled to the right of way should have been submitted to the jury.

The assignments of error are sustained and the judgment of the trial Court reversed. The case will be remanded to the Circuit Court of Davidson County for a new trial.

The defendant will pay the costs of the appeal.

Reversed and remanded.

Felts and Hickerson, JJ., concur.